UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

_____

ZAHED KHAN, individually and on behalf
of others similarly situated,

                Plaintiff,

   Against

PROGRESSIVE LEASING,

                Defendants,
_____/

**CLASS ACTION COMPLAINT FOR VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT**

Jury Trial Requested: Yes
File No.:

Plaintiff, Zahed Khan, by and through his attorney, Subhan Tariq Esq., as and for his Complaint against the Defendant, Progressive Leasing, respectfully sets forth complains and alleges, upon information and belief, the following:

## I. NATURE OF THE ACTION

1. Plaintiff brings this action on his own behalf for damages, declaratory and injunctive relief arising from the Defendant's violations under Title 47 of the United States Code, §227 commonly referred to as the Telephone Consumer Protection Act (TCPA).

## II. PARTIES IN THE COMPLAINT

2. Plaintiff, Zahed Khan, is a citizen of New York who currently resides at 55-09 98th Street, Apt:3, Corona NY 11368.

3. Defendant, Progressive Leasing, is a citizen and resident of Utah who is currently headquartered at 256 West Data Drive, Draper, UT 84020.

## III.  JURISDICTION AND VENUE

4. Jurisdiction of this court arises pursuant to 28 U.S.C. §1331 and 47 U.S.C. §227. If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. §1367(a)

5. Defendant conducts business in the State of New York thereby establishing jurisdiction.

6. Venue is proper pursuant to 28 U.S.C. §1391(b)(2) as the conduct giving rise to the transaction occurred in this district as Plaintiff resides in this district and Defendant transacts business in this district.

## IV.  ALLEGATIONS FOR CLASS ACTION

7. Plaintiff brings this action as a class action, pursuant to Federal Rules of Civil Procedure ("FRCP") Rule 23, on behalf of himself and all persons/consumers, along with their successors-in-interest, who have received similar communications from Defendant which, as alleged herein, are in violation of the TCPA, as of the date of Plaintiff's Complaint (the "Class"). Excluded from the Class is Defendant herein, and any person, firm, trust, corporation, or other entity related to or affiliated with the Defendant, including, without limitation, persons who are officers, directors, employees, associates or partners of Defendant. Upon information and belief, hundreds of persons have received similar communications from the Defendant which violate provisions of the TCPA.

8. This Class satisfies all the requirements of FRCP Rule 23 for maintaining a class action.

9. The Class is so numerous that joinder of all members is impracticable. Upon information and belief, hundreds of persons have received communications from the Defendant, which violates various provisions of the TCPA.

10. There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member. These common questions of law and fact include, without limitation: (i) Whether Defendant violated various provisions of the TCPA; (ii) Whether Plaintiff and the Class have been injured by Defendant's conduct; (iii) Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of the Defendant's wrongdoing and, if so, what the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and, (iv) Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

11. Plaintiff's claims are typical of the claims of the Class and Plaintiff has no interests adverse or antagonistic to the interests of other members of the Class.

12. A class action is superior to other methods for the fair and efficient adjudication of the claims herein asserted, this being specifically envisioned by Congress as a principal means of enforcing the TCPA, as codified by 47 U.S.C. §227.

13. The members of the Class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action.

14. Prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties.

15. A class action will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would engender. Class treatment also will permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.

16. Plaintiff will fairly and adequately represent the Class members interest, in that the Plaintiff's counsel is experienced and, further, anticipates no impediments in the pursuit and maintenance of the class action as sought herein.

17. Absent a class action, the Class members will continue to suffer losses borne from Defendant's breaches of their statutorily protected rights as well as monetary damages, thus allowing and enabling: (a) Defendant's conduct to proceed and; (b) Defendant to further enjoy the benefit of its ill-gotten gains.

18. Defendant has acted, and will act, on grounds generally applicable to the entire Class, thereby making appropriate a final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## V.   FACTUAL ALLEGATIONS

19. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "18" herein with the same force and effect as if the same were set forth at length herein.

20. On or about October 5, 2016, Defendant began communicating with Plaintiff by means of telephone calls to Plaintiff's mobile telephone number.

21. Plaintiff answered the Defendant's telephone call on October 5, 2016, and requested from the Defendant's representative that he no longer receive any further "robocalls" or automatically dialed calls from the Defendant to his cell phone number in the future.

22. The Defendant agreed to not call using an automatic dialing system to call the Plaintiff and the Plaintiff also agreed to check with his bank to see why payment had not been made on the account as previously agreed between them.

23. Despite the Plaintiff's request the Defendant continued to make autodialed phone calls to the Plaintiff's cell phone number.

24. These calls from the Defendant continued in increasing frequency throughout the month from no fewer than twenty-eight separate numbers all belonging to the Defendant, 734-352-3667; 202-969-1012; 260-247-7018; 704-208-1986; 817-344-7552; 702-829-3199; 316-768-3653; 307-223-3226; 302-257-3463; 323-758-3655; 323-741-3695; 520-635-2117; 404-682-3029; 207-480-3982; 802-497-5165; 504-758-3651; 443-214-7091; 218-491-6774; 228-280-3185; 443-214-0792; 319-536-3466; 859-687-7554; 202-969-1013; 859-687-7556.

25. The Plaintiff made numerous attempts to contact the Defendant to get them to cease autodialing his cell phone.

26. The Plaintiff contacted the Defendant no fewer than nine times seeking to get the Defendant's to cease harassing him on his cell phone with an autodialing system.

27. The Defendant's representative each time agreed to cease the auto-dialing calls however no actual change in policy occurred and the Plaintiff continued to be harassed.

28. Despite his requests the Plaintiff continues to be subjected to automatically dialed calls to this day and he has received no fewer than fifty-seven (57) calls from an autodialing system.

29. Attached hereto as Exhibit "A" are screenshots of autodialed telephone calls to the Plaintiff's cellphone number.

30. A sample of the automatically dialed calls made by the Defendant to the Plaintiff include: October 5, 2016 (1) call; October 12, 2016 (3) calls; October 13, 2016 (2) calls; October 14, 2016 (2) calls; October 15, 2016 (1) call; October 17, 2016 (2) calls; October 18, 2016 (3) calls; October 19, 2016 (1) call; October 20, 2016 (1) call; October 21, 2016 (2) calls; October 22, 2016 (1) call; October 24, 2016 (3) calls; October 25, 2016 (5) calls; October 26,

2016 (3) calls; October 27, 2016 (4) calls; October 28, 2016 (3) calls; October 31, 2016 (4) calls; November 1, 2016 (3) calls; November 2, 2016 (2) calls; November 3, 2016 (1) call; November 4, 2016 (3) calls; November 7, 2016 (2) calls.

## VI.     CAUSE OF ACTION

### (Violations of the TCPA)

31. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "30" herein with the same force and effect as if the same were set forth at length herein.

32. According to the Telephone Consumer Protection Act 47 U.S.C. §227(b)(A)(iii), any person within the United States or any person outside the United States, if the recipient is within the United States, is prohibited from using any automatic telephone dialing system or an artificial or prerecorded voice to any telephone number assigned to a cellular telephone service or any service for which the called party is charged for the call.

33. With the automatically dialed calls to Plaintiff's telephone commencing on October 5, 2016 and continuing up to at least fifty-seven (57) times thereafter, the Defendant violated various provisions of the TCPA, including but not limited to 47 U.S.C. §227(b)(A)(iii).

34. The Defendant having been informed that the Plaintiff requested that no further calls or texts be received, willfully violated the TCPA at least fifty-seven (57) times.

35. The Defendant's actions alleged *supra* constitute numerous negligent violations of the TCPA, entitling Plaintiff to an award of $500.00 in statutory damages for each and every violation pursuant to 47 U.S.C. §227(b)(3)(B).

36. The Defendant's actions alleged *supra* constitute numerous and multiple knowing and/or willful violations of the TCPA, entitling Plaintiff to an award of $1500.00 in statutory

damages for each and every violation pursuant to 47 U.S.C. §227(b)(3)(B) and 47 U.S.C. §227(b)(3)(C).

## DEMAND FOR TRIAL BY JURY

37. Plaintiff hereby respectfully requests a trial by jury for all claims and issues in its Complaint to which it is or may be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment from the Defendant as follows:

A. Statutory damages of $500.00 for each and every negligent violation of the TCPA pursuant to 47 U.S.C. §227(b)(3)(B);

B. Statutory damages of $1500.00 for each and every knowing and/or willful violation of the TCPA pursuant to 47 U.S.C. §227(b)(3)(B) and 47 U.S.C. §227(b)(3)(C);

C. All court costs, witness fees and other fees incurred;

D. A declaration the Defendant's practices violated the TCPA; and

E. All such other and further relief as may be just, proper and equitable.


Dated: November 23, 2016

                                                Respectfully Submitted,

                                                __/s/Subhan Tariq_____
Subhan Tariq, Esq.
Attorney I.D. #ST9597
The Law Offices of Subhan Tariq, Esq., PLLC
90-52 171st Street
Jamaica, NY 11432
Telephone: 516-900-4529
Email: Subhan@tariqlaw.com
**Attorney for Plaintiff**

To:     Progressive Leasing
         256 West Data Drive

Draper, UT 84020

(*via prescribed service*)

Clerk of the Court,
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

(*Via Electronic Court Filing*)